O’Neill, J.,
dissenting.
{¶ 8} In her verified complaint, appellant, Mary McGowan, M.D., alleges that after she was hired as an executive director by appellee, Medpace, Inc., she became aware of fraudulent prescription-writing practices and patient-privacy and confidentiality violations. Those activities concerned her so greatly that she held a meeting with her staff to advise them that office practices would have to change to prevent further violations, and she shared her concerns with Medpace’s chief executive officer (“CEO”) and its general counsel.
{¶ 9} McGowan alleges that she was repeatedly asked to sign prescription renewals for incorrect amounts and it was explained to her that her predecessor had always done this to save patients money. McGowan refused to sign the renewals and explained that that practice was insurance fraud.
{¶ 10} McGowan further alleges that she noticed that the charts for patients participating in two different studies were combined and that the charts included the patients’ full names, rather than just their initials, as is customary in medical studies. McGowan thought this was a clear violation of the patients’ privacy rights, because the studies were being conducted by two different entities, and McGowan did not think it was right that study monitors could see all of the patients’ personal information, as opposed to just their initials. McGowan also noticed that Medpace’s practice of leaving patient charts open on tables outside the exam rooms had the potential of exposing confidential patient information to anyone walking by and was another clear violation of state and federal patient-privacy laws.
{¶ 11} McGowan held a staff meeting and stated that she would not be filling prescriptions for incorrect amounts of medication. She also told the staff to separate the charts for the patients being seen in a private practice from the charts for the participants in Medpace’s medical studies and to dispose of old charts in order to conform to state and federal patient-privacy laws. Shortly after the staff meeting and after she brought her concerns to Medpace’s CEO and *299 general counsel, McGowan was removed from her supervisory role at Medpace and was terminated.
{¶ 12} McGowan filed a complaint alleging that her employment was terminated in retaliation for her good-faith complaints about insurance fraud under Ohio law and about violations of the Health Insurance Portability and Accountability Act of 1996 (“HIPAA”), Pub.L. No. 104-191, 110 Stat.1936, codified as amended in various sections of Titles 18, 26, 29, and 42 of the United States Code.
{¶ 13} Following a nine-day trial, a jury unanimously concluded that McGowan’s termination was retaliatory and constituted a wrongful discharge for which she is entitled to damages. Notwithstanding the jury’s unanimous verdict, the First District Court of Appeals reversed the judgment and found that Medpace was entitled to a directed verdict based on the erroneous legal conclusion that McGowan’s wrongful-discharge claim was not based on sufficiently clear public policy. The court of appeals concluded that neither R.C. 2913.47 (the Ohio insurance-fraud statute) nor HIPAA imposes an affirmative duty on employees to report a violation, expressly prohibits employer retaliation, or protects public health and safety. 2015-Ohio-3743, 42 N.E.3d 256, at ¶23, 25-27. This is nonsense.
{¶ 14} Ohio law is clear that “public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason which is prohibited by statute.” Greeley v. Miami Valley Maint. Contrs., 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), paragraph one of the syllabus. A motion for a directed verdict should be granted when, “construing the evidence most strongly in favor of the party opposing the motion, the trial court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to such party.” Limited Stores, Inc. v. Pan Am. World Airways, Inc., 65 Ohio St.3d 66, 73, 600 N.E.2d 1027 (1992), citing Civ.R. 50(A)(4). Instead of applying the law of this court and affirming the jury verdict that was reached based on that law, the court of appeals applied its own case law as set forth in Hale v. Volunteers of Am., 158 Ohio App.3d 415, 2004-Ohio-4508, 816 N.E.2d 259 (1st Dist.), and Dean v. Consol. Equities Realty # 3, L.L.C., 182 Ohio App.3d 725, 2009-Ohio-2480, 914 N.E.2d 1109 (1st Dist.), to conclude that McGowan’s claim failed as a matter of law. 2015-Ohio-3743, 42 N.E.3d 256, at ¶ 17-19, 27. In plain terms, the court of appeals found that no facts alleged in the complaint could form the basis for recovery. This complaint in simple terms alleged a firing for resisting HIPAA violations and a pattern of organized insurance fraud. The appellate court misapplied the law of Ohio and Civ.R. 50 in this case.
{¶ 15} Dismissing this case as having been improvidently accepted and restricting the precedential value of this erroneous appellate decision does nothing to *300 preserve the law as established in Greeley. Likewise, it deprives McGowan of the jury verdict in her favor and the damages awarded by the jury. I dissent.
Freking, Myers & Reul, L.L.C., Randolph H. Freking, and Brian P. Gillan, for appellant.
Thompson Hiñe, L.L.P., Deborah S. Brenneman, and George B. Musekamp, for appellee.
The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Vardaro, urging reversal for amicus curiae, Ohio Employment Lawyers Association.
Brunnek, J., concurs in the foregoing opinion.